UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____X

JON Q. WRIGHT and JQ LICENSING, LLC   :

    Plaintiff,   :

    v.   :

LOCAL UNION 3000 UAW BUILDING   :
CORP. and DOES 1-5

    :

    Defendants.   :

_____X

Case No. 2:22-cv-12658

**Presiding Judge:**
Linda V. Parker

**Magistrate Judge:**
Anthony P. Patti

## APPLICATION FOR WAIVER OF LOCAL COUNSEL REQUIREMENT

Pursuant to the Local Rules of the Eastern District of Michigan, the undersigned respectfully request relief in this case from the requirement to specify local counsel with an office in the district. As this matter was filed just yesterday, November 3, 2022, and a summons has yet to be issued, Defendant has not yet been served. Furthermore, my attempts to communicate with the Defendant prior to the initiation of litigation were wholly unanswered. As such, Plaintiffs are unable to seek concurrence pursuant to LR 7.1(a).

1

# INTRODUCTION

This is an action for copyright infringement. Plaintiff Jon Q. Wright is the artist and copyright owner to works of art titled "JQ Fish Art: Walleye Green Lure" and "Legends Series Artwork: Walleye," both of which are two distinct and highly expressive depictions of walleye fish. Without Plaintiffs' consent, Defendant Local Union 3000 UAW Building Corp., ("Local UAW 3000") incorporated these two works of art into advertisements for numerous fishing tournaments. Despite Plaintiffs' efforts to communicate with Local UAW 3000 and potentially seek a resolution without judicial intervention, Local UAW 3000 never formally responded to these efforts, instead only taking some (but not full) effort to remove infringing content.

LR 83.20(f)(1) states that "[o]n application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." Plaintiffs make this application based on the following: 1) the financial burden on Plaintiffs, 2) Plaintiffs' counsel's experience in representing Plaintiffs and in copyright litigation, generally, and 3) the availability of modern technology.

# ARGUMENT

I. **Financial Hardship**

As a result of Local UAW 3000's infringing behavior and refusal to even

communicate with the undersigned counsel, Plaintiffs were forced to litigate this matter. Mr. Wright is an individual that is selective with the litigation he brings and takes effort to avoid bringing litigation when possible, in order to avoid the immediate costs. Mr. Wright is a member of JQ Licensing LLC which is the entity that licenses his artwork. The entity is not a large business by any definition. Plaintiffs have limited resources and incurring the immediate additional costs of retaining local counsel will be an added hardship on Plaintiffs.

Additionally, there is a strong possibility that it will be necessary to bring one or two additional copyright infringement matters in this District, wholly unrelated to the present matter. Plaintiffs are attempting to resolve these matters without resorting to litigation, however it is presently Plaintiffs' impression that one such infringer is obstinately refusing to acknowledge any wrongful behavior. The second matter involves a potential breach of contract in conjunction with the copyright infringement claims. Unless the breach is not cured within the next two weeks, litigation on that matter will also be necessary.

These unrelated matters are mentioned solely to bring the Court's attention to the potential for even further immediate costs Plaintiffs will have to incur. Plaintiffs respectfully request the Court to take this potential, if not probable, litigation in consideration by waiving the added costs of retaining local counsel in this matter.

II. **Special Qualification of Non-Resident Counsel Dmitry Lapin**

Mr. Lapin is the Senior Litigation Counsel at Axenfeld Law Group, LLC, a firm that focuses exclusively on intellectual property protection and litigation. He has been retained as counsel for Mr. Wright for over two years and is acutely familiar, not only with Mr. Wright's catalog of artwork, but also the nuances of litigating copyright infringement claims for works based on wildlife.

Further, Mr. Lapin is admitted to the Eastern District of Michigan, is familiar with the local court rules, and of course consents to the standards of conduct and disciplinary authority as specified in LR 83.20(j). He is also admitted to numerous federal courts across the United States and regularly appears without the association of local counsel, when permissible.

III. **The Convenience and Availability of Modern Technology**

In the context of Motions to Transfer Venue pursuant to 28 U.S.C. §1404, this Court has recently reaffirmed that modern transportation and communication methods have made it much less burdensome for a party to defend itself in Michigan. *See generally, Meier v. Schwarz Partners,* No. 22-11644, 2022 WL 16571306*,* at *2 (E.D. Mich. Nov. 1, 2022). This same reasoning should apply to any concerns that Mr. Lapin would be unable to attend any Court conferences. At the very least, telephone conferences between the parties and with the Court are likely to be the norm, rather than the exception, in most circumstances.

Modern video conferencing is also inexpensive and efficient. In considering a similar Application, this Court granted plaintiffs' counsel request to appear without local counsel based, in part, by "the ability of the Court and the parties to conduct video conferences and hearings…" *Trustees of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC,* No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022).

## **CONCLUSION**

Should the Court grant this Application, and it becomes necessary for counsel to personally appear at any hearing, conference, etc., within this District, Plaintiffs would of course consider the most financially prudent course of action in proceeding with the matter. However, at this current stage of litigation, given the costs already incurred, the probable future costs, Mr. Lapin's experience with similar claims, and the availability of telephone/video conferencing, it is respectfully requested that the Court waive the requirement to retain local counsel for this matter.

Alternatively, Plaintiffs request the Court waive the requirement to retain local counsel for an extended period, ideally for four months from the date the Complaint was filed, with leave to make a second application for waiver of the local counsel requirement. This would allow Plaintiffs the opportunity to serve the

Complaint, actually engage in discussion with the opposing party or their counsel,[1] and appear for the Rule 16(b) initial conference (and request leave to appear telephonically, if required).

WHEREFORE, the undersigned respectfully requests relief in this matter from the requirement to specify local counsel and be permitted to fully represent Plaintiffs in this action.

Respectfully submitted,

Dated: November 4, 2022   By:   /s/ Dmitry Lapin
Dmitry Lapin, Esq.
(PA Bar #329670)
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
917-979-4570
dmitry@axenfeldlaw.com

*Attorney for Plaintiffs*

---

[1] Presumably, Local UAW 3000 will respond to the Complaint in some fashion, rather than defaulting.